IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**CLAYTON E. CARROLL,**

      **Petitioner,**

v.                                  Case No. 1:13-cv-29389

**DENNIS DINGUS, Warden,**
McDowell County Correctional Center,

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 2), the respondent's Corrected Motion to Dismiss (ECF No. 11), and the petitioner's Motion for Entry of Default/Default Judgment[1] (ECF No. 13). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

### *The petitioner's criminal proceedings*

On December 3, 2009, the petitioner, who is presently incarcerated at the McDowell County Correctional Center, pled guilty in the Circuit Court of Fayette

---

[1] The docket sheet lists this document as a Motion for Entry of Default; however, the motion itself is styled as a Motion for Default Judgment. This distinction is of no moment, as there is no basis for either entry of default or a default judgment against the respondent. *See infra* at pp. 9-10. The undersigned will hereinafter refer to this motion as a Motion for Default Judgment, as that is the way the petitioner styled it.

County, West Virginia, to one count of Sexual Abuse by a Parent, Guardian, Custodian or Other Person in a Position of Trust to a Child, and one count of Attempt to Commit Sexual Abuse in the First Degree. *State v. Carroll*, Case Nos. 09-F-4 and 09-F-05. According to the instant petition, the petitioner was sentenced to serve 6 to 13 years in prison. The petitioner did not appeal his conviction.

### The petitioner's Petition for Writ of Mandamus

On July 26, 2012, Petitioner filed a Petition for a Writ of Mandamus in the Supreme Court of Appeals of West Virginia (the "SCAWV"), Docket No. 12-1030, in which the petitioner asserted that he requested, but did not receive his trial court records and transcripts from the Circuit Court of Fayette County. The Petition for a Writ of Mandamus was refused as moot by the SCAWV on June 4, 2013, after the Court received notice from the Circuit Clerk of Fayette County that the Petitioner had received a complete copy of his court records.

### The petitioner's section 2254 petition and subsequent briefing

The petitioner then filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this federal court on November 19, 2013. (ECF No. 2). The section 2254 petition contains one ground for relief, which states as follows:

> Violation of my due process rights guaranteed by the West Virginia Constitution and the United States Constitution.
>
> I filed in the proper manner to receive my records and transcripts from the lower court, to be able to file a habeas corpus on my conviction but the court reporter as well as the West Virginia Supreme Court has denied me the right to these records, which is a direct due process violation to my rights.

(ECF No. 2 at 4). The petitioner seeks release from custody and any other relief the court finds to be fair and just. (*Id.* at 11). The petitioner does not address the timeliness of his petition.

On October 20, 2014, the undersigned ordered the respondent to file a response to the section 2254 petition by December 15, 2014. On December 5, 2014, the respondent filed a Motion to Dismiss Petition, with an incorporated Memorandum of Law. (ECF No. 7). The Motion to Dismiss asserted that the petitioner had not exhausted all available state court remedies prior to filing his section 2254 petition and that his claim for relief is not suitable for habeas corpus review. (*Id.*)

However, on January 14, 2015, the petitioner filed an Objection to the respondent's Motion to Dismiss, which pointed out that the respondent's motion documents contained the name of another petitioner, Scotty E. Boothe. The Objection further asserted that the petitioner had exhausted his state remedies via his mandamus petition, which was refused despite the fact that he had not received all of his state court records, which he claims were needed to file a petition for habeas corpus relief. (ECF No. 8 at 1-2).

On January 16, 2015, the respondent filed a Response to the petitioner's Objection (ECF No. 9), a Motion to File Corrected Motion to Dismiss (ECF No. 10), and a Corrected Motion to Dismiss (ECF No. 11) in which the typographical error listing another petitioner's name was corrected. The Corrected Motion to Dismiss (ECF No. 11) is otherwise substantively identical to the initial Motion to Dismiss (ECF No. 7). By separate Order, the undersigned granted the Motion to File Corrected Motion to Dismiss and struck from the record the respondent's initial Motion to Dismiss. Accordingly, this Proposed Findings and Recommendation will address the sufficiency

of the petitioner's section 2254 petition in light of the respondent's Corrected Motion to Dismiss (ECF No. 11).

On January 29, 2015, the petitioner filed a 'Response to Respondent's Objection" (hereinafter "Reply") (ECF No. 12). In that document, the petitioner indicates that he never intended his instant federal petition to be a habeas corpus (despite filing the same on a standard habeas corpus form used by this court). (*Id.* at 1). He further contends that, on or about December 15, 2011, he filed a Motion to Compel the Production of Documents to File a Habeas Corpus in the Circuit Court of Fayette County, and that he received all of the requested documents, except for his transcripts. (*Id.* at 1-2). The petitioner further contends that, despite having a constitutional right to one free copy of all of the transcripts, he was not provided the transcripts and, consequently, lost the right to seek redress in the state and federal courts because the time limit for filing a habeas corpus petition has passed. (*Id.* at 2). The petitioner contends that he is entitled to "unconditional discharge" due to the "extraordinary dereliction" by the State. (*Id.*)

On March 30, 2015, the petitioner filed a Motion for Default Judgment against the respondent (ECF No. 13), claiming that the respondent "did not answer the OBJECTION TO RESPONDENT'S MOTION TO DISMISS." (*Id.* at 1). The petitioner's motion reiterates his belief that he is out of time to file a habeas corpus petition "that should have been filed years ago." (*Id.*)

On March 31, 2015, the respondent filed a Response in Opposition to the Motion for Default Judgment. (ECF No. 14). The respondent notes that he filed a Response to the petitioner's Objection on January 16, 2015, and also moved to file a Corrected Motion to Dismiss (the acceptance of which essentially mooted anything that occurred

before such filing). The respondent further notes that the petitioner filed a Reply to the respondent's Response to the Objection on January 29, 2015 (ECF No. 12). (*Id.*)

On April 9, 2015, the petitioner filed another Reply brief (which was titled "Petitioner's Opposition to Respondent's Opposition to Petitioner's Motion for Default Judgment") (ECF No. 15). This Reply actually addresses the merits of the petitioner's claims for relief, and not the procedural issue of default. (*Id.*) On June 30, 2015, the petitioner filed an Affidavit in support of his petition. (ECF No. 16). This matter is ripe for adjudication.

## APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

> (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original

jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

### A. The petitioner's petition must be dismissed for failure to exhaust available state court remedies.

As noted above, the respondent asserts that the petitioner has not appropriately exhausted his state court remedies prior to filing the instant petition in federal court, and further asserts that the petitioner's claim for relief is not suitable for habeas corpus review. The respondent's incorporated Memorandum notes that, although the petitioner contends that he followed proper procedure in requesting transcripts for purposes of establishing claims for habeas corpus relief, he has not provided evidence of his filings, the process used, or the court's response to such a request. (ECF No. 11 at 2 n.1). The respondent's Memorandum further asserts:

> Here, Petitioner has failed to properly request habeas relief, and has failed to exhaust any and all claims in State court. First and foremost, the West Virginia Supreme Court of Appeals clearly indicates in its refusal of Petitioner's Petition for Writ of Mandamus that Petitioner has, in fact, received a complete copy of his court records. A copy of the Circuit Court of Fayette County, West Virginia's docket confirms Petitioner's receipt. (Respondent's Exhibit 2.) Additionally, Petitioner has never filed a habeas action in State court, and has never sought transcripts and file records through such habeas filings. Petitioner has not submitted to this Honorable Court the requests for transcripts filed in State court, and has failed to support his allegation with any evidence showing that the refusal of his Petition was unwarranted.

7

> The proper procedure for Petitioner moving forward would be to file for habeas relief in the Circuit Court of Fayette County, West Virginia, requesting appointment of habeas counsel to assist him in formulating his habeas claims. At this juncture, Federal review of Petitioner's habeas claims, or his current solitary claim, is premature and improper. Once the State courts have had an opportunity to review Petitioner's claims, Petitioner could then seek Federal review. Respondent therefore urges this Honorable Court to dismiss Petitioner's current habeas action, without prejudice, so that Petitioner could refile once his grounds for habeas relief have been exhausted in State court.

(ECF No. 11 at 4-5).

The petitioner's Responses (ECF Nos. 12 and 15) and his Motion for Default Judgment (ECF No. 13) appear to assert that, the State's dereliction in not providing him with the transcripts from his criminal proceedings in the Circuit Court of Fayette County has violated his right to due process and entitles him to unconditional discharge from custody and service of his sentence. However, that claim, and any other claims for habeas corpus relief that the petitioner may wish to pursue, must be exhausted through the proper channels in the State courts before the petitioner may seek any habeas corpus relief in this federal court. Despite the petitioner's contentions, his Petition for a Writ of Mandamus, which was summarily refused by the SCAWV, is not a proper method of exhaustion. As noted by the respondent, the petitioner still has the avenue of filing a habeas corpus petition in the Circuit Court of Fayette County (to the undersigned's knowledge there is no time limit for filing a habeas corpus petition in State court)[2] in which he may raise his due process claim.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's present section 2254 petition must be dismissed for failure to exhaust state court remedies.

---

[2] It is inappropriate at this juncture for this court to make any determination of whether a subsequently filed section 2254 petition would be considered timely under 28 U.S.C. § 2244(d).

### B.   The petitioner is not entitled to mandamus relief in this court.

Alternatively, to the extent that the petitioner's present petition could be construed as a Petition for a Writ of Mandamus requesting this court to order the Circuit Court of Fayette County to provide the petitioner with his transcripts and trial court records, this court lacks authority to grant such relief. Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee <u>of the United States or any agency thereof</u> to perform a duty owed to the plaintiff.

28 U.S.C. § 1361 [Emphasis added].

The petitioner cannot obtain mandamus relief in this court because he is asking a federal court to order a state court or its officials to act in a particular manner. A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus against any state agency or its officials as requested by the petitioner in his petition.

### C.   The petitioner's Motion for Default Judgment is meritless.

As noted in the procedural history above, on March 30, 2015, the petitioner filed a Motion for Default Judgment (ECF No. 13). However, the only basis for the petitioner's motion appears to be that the respondent allegedly failed to answer the petitioner's Objection to Respondent's Motion to Dismiss. In other words, it appears that the petitioner is asserting that the respondent filed to file what amounts to a Reply to his initial Response/Objection to the respondent's Motion to Dismiss. However, the undersigned first notes that the respondent was not <u>required</u> to file such a Reply.

9

Furthermore, the petitioner is incorrect in his assertion.  After the petitioner filed his "Objection to Respondent's Motion to Dismiss," which pointed out the typographical error in the respondent's Motion to Dismiss concerning another petitioner's name, on January 16, 2015, two days after the petitioner's Objection, the respondent filed: (1) a Response to the Objection (ECF No. 9); (2) a Motion to File Corrected Motion to Dismiss (ECF No. 10), and a Corrected Motion to Dismiss (ECF No. 11).  The petitioner then filed a Reply to the respondent's Response to the Objection (ECF No. 12) on January 29, 2015.  Therefore, the undersigned proposes that the presiding District Judge **FIND** that there is absolutely no merit to the petitioner's Motion for Default Judgment and such motion should be denied as being frivolous.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Corrected Motion to Dismiss (ECF No. 11), **DENY** the petitioner's Motion for Default Judgment (ECF No. 13), **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, without prejudice, for failure to exhaust state court remedies, **DENY AS MOOT** the petitioner's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation

within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

_____August 5, 2015_____
                Date

_____
Dwane L. Tinsley
United States Magistrate Judge